IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEANNE MARIE CUNNINGHAM, | |
| Plaintiff, | **8:19CV477** |
| v. | |
| NEBRASKA METHODIST HEALTH SYSTEM, INC.; THE NEBRASKA METHODIST HOSPITAL; PHYSICIANS CLINIC, INC.; JOHN DOES 1-10; JANE DOES 1-10; and JOHN M. PARK, M.D., | **ORDER** |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion and Application to the Court for Approval of Claims Settlement (Filing No. 55), pursuant to the Nebraska Hospital-Medical Liability Act (the "Act"), Neb. Rev. Stat. § 44-2801 *et seq.*, and corresponding Confidential Settlement Agreement (Filing No. 58).  The Nebraska Excess Liability Fund (the "Fund") is also a signatory to the agreement.

On November 11, 2017, Timothy A. Cunningham ("Cunningham") was admitted to Methodist Jennie Edmundson Hospital for severe abdominal pain.  A CAT scan revealed an eight-centimeter aneurysm, an intramural hematoma, and an "impending rupture."  He was quickly transferred to The Nebraska Methodist Hospital where John M. Park, MD ("Dr. Park") began treating Cunningham in the intensive care unit.  At the outset, Dr. Park and other medical providers were faced with less-than-ideal treatment options for Cunningham, such as conducting an unfamiliar surgery with high morbidity rates, transferring him to an out-of-state hospital, or waiting one month for a certain medical device to arrive from Australia to allow them to conduct a repair.  The medical team ran further diagnostic tests, and while preparing to run a scan of his chest and abdomen, Cunningham's condition worsened.  The medical team arranged for emergency surgery,

but despite further attempts at resuscitation, unfortunately Cunningham passed away on November 15, 2017.

On October 30, 2019, plaintiff Jeanne Marie Cunningham, in her capacity as the administrator for the estate of Cunningham, brought a wrongful death action alleging negligence by defendants.  She also brought a survival claim in her individual capacity. Following extensive discovery and successful mediation, the parties entered into a settlement agreement.  The parties jointly filed the present motion and application on January 5, 2021, "pursuant to Neb. Rev. Stat. § 44-2832" and requested a hearing and approval of the settlement.

On January 13, 2021, the Court issued an Order (Filing No. 59) noting "the proper vehicle for approval [of the settlement] is Neb. Rev. Stat. § 44-2833," not § 44-2832.  *See also N.M.S., et al v. Ramsey, et al*, No. 16-CV-499 (D. Neb. June 19, 2019) (finding § 44-2832 "sets forth the procedures for the Director of Administrative Services to issue a warrant for payment out of the Fund" while § 44-2833 "outlines the procedures for seeking the Court's 'approval of an agreed settlement'").  The procedures under § 44-2833 require the Court to "set the matter for trial,"[1] review the relevant evidence, and "determine whether or not the settlement should be approved."  *See* Neb. Rev. Stat. § 44-2833(5) and (6).  Accordingly, the Court held a hearing on January 20, 2021.

At the hearing, the parties did not contest that § 44-2833's procedures apply to the review of this settlement. The Court received ten exhibits into evidence, including expert reports and depositions, to enable the Court to determine whether the settlement agreement should be approved.  Upon careful review of the evidence, the arguments by counsel for

---

[1] The Court recognizes Neb. Rev. Stat. § 44-2833(5) requires the Court to "set the matter for *trial* as soon as practicable," but in essence, it is a hearing which, in this case, involved stipulated evidence.

2

the parties and the Fund, and the settlement agreement, the Court finds the settlement agreement complies with the Act and should be approved.  Based on the foregoing,

IT IS ORDERED:

1.  The parties' Joint Motion and Application to the Court for Approval of Claims Settlement (Filing No. 55) is granted.

2.  The Confidential Settlement Agreement (Filing No. 58) is approved.

3.  The Nebraska Excess Liability Fund is authorized and directed to pay Jeanne Marie Cunningham its portion of the agreed upon settlement amount.

4.  Plaintiffs shall prepare and file an appropriate Stipulation for Dismissal under Rule 41 within thirty (30) days of this Order.

Dated this 21st day of January 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge